USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-9011

 IN RE: GEORGE POPA,

 DEBTOR.
 ___________________

 JOHN ROUMELIOTIS,

 Plaintiff, Appellant,

 v.

 GEORGE POPA,

 Defendant, Appellee.

 APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

 OF THE FIRST CIRCUIT
 

 Before
 
 Lynch, Circuit Judge,
 
 Coffin and Bownes, Senior Circuit Judges.
 

 Paul A. Gargano and Gargano & Associates, P.C. on brief for
appellant.

 Mark G. DeGiacomo, Jacqueline F. Walsh, and Roche, Carens &
DeGiamcomo, P.C. on brief for appellee.

April 2, 1998

 BOWNES, Senior Circuit Judge. The sole issue before us
is the scope of the application of 11 U.S.C. 523(a)(6), which
provides that a debtor is not discharged from any debt, "for
willful and malicious injury by the debtor to another entity or to
the property of another entity." The facts are clear and
undisputed.
 I
 Plaintiff-appellant John Roumeliotis was employed as an
automobile service station attendant by defendant-appellee George
Popa. While working alone at night on November 2, 1994, plaintiff
was severely beaten. He suffered multiple fractures to his skull,
the loss of his left eye, and severe burns on his back. There was
evidence from which it could be found that Popa knew that his
service station was located in a high-crime area. Within a period
of less than a year prior to the assault on plaintiff, the service
station had been robbed twice.
 Plaintiff filed for workers' compensation with the
Massachusetts Industrial Accident Board. He was informed that Popa
had not obtained workmen's compensation insurance from a private
carrier and that he did not qualify as a self-insurer. Popa,
therefore, had violated Mass. Gen. Laws Ann. ch. 152, 25A (West
1988).
 On February 1, 1985, plaintiff brought suit against Popa
in Massachusetts, alleging that Popa was strictly liable for
failing to obtain Massachusetts workers' compensation insurance and
that Popa failed to provide adequate safety for plaintiff at the
service station. On May 3, 1996, Popa filed for chapter 7
bankruptcy protection. Plaintiff was scheduled by the debtor,
Popa, as holding a contingent and unliquidated claim for an unknown
amount. On July 10, 1996, plaintiff filed an adversary complaint
in the Bankruptcy Court, seeking to have his state court claims
determined to be non-dischargeable. The complaint was dismissed on
October 31, 1996. An appeal was taken to the Bankruptcy Appellate
Panel, which affirmed the dismissal by the Bankruptcy Court. This
appeal followed.
 II
 The Supreme Court, in a unanimous opinion by Justice
Ginsburg, has spoken directly on the question of the scope of the
application of 11 U.S.C. 523(a)(6) in a very recent case,
Kawaauhau v. Geiger, 118 S. Ct. 974 (1998).
 The facts as stated by the Court are:
 In January 1983, petitioner Margaret
 Kawaauhau sought treatment from respondent Dr.
 Paul Geiger for a foot injury. Geiger
 examined Kawaauhau and admitted her to the
 hospital to attend to the risk of infection
 resulting from the injury. Although Geiger
 knew that intravenous penicillin would have
 been more effective, he prescribed oral
 penicillin, explaining in his testimony that
 he understood his patient wished to minimize
 the cost of her treatment.

 Geiger then departed on a business trip,
 leaving Kawaauhau in the care of other
 physicians, who decided she should be
 transferred to an infectious disease
 specialist. When Geiger returned, he canceled
 the transfer and discontinued all antibiotics
 because he believed the infection had
 subsided. Kawaauhau's condition deteriorated
 over the next few days, requiring the
 amputation of her right leg below the knee.

Id. at 976.

 The Court's analysis is compelling:

 We confront this pivotal question concerning
 the scope of the "willful and malicious
 injury" exception: Does 523(a)(6)'s compass
 cover acts, done intentionally, that cause
 injury (as the Kawaauhaus urge), or only acts
 done with the actual intent to cause injury
 (as the Eighth Circuit ruled)? The words of
 the statute strongly support the Eighth
 Circuit's reading.

 . . . .

 The word "willful" in (a)(6) modifies the
 word "injury," indicating that nondischarge-
 ability takes a deliberate or intentional
 injury, not merely a deliberate or intentional
 act that leads to injury. Had Congress meant
 to exempt debts resulting from unintentionally
 inflicted injuries, it might have described
 instead "willful acts that cause injury." Or,
 Congress might have selected an additional
 word or words, i.e., "reckless" or
 "negligent," to modify "injury." Moreover, as
 the Eighth Circuit observed, the (a)(6)
 formulation triggers in the lawyer's mind the
 category "intentional torts," as distinguished
 from negligent or reckless torts. Intentional
 torts generally require that the actor intend
 "the consequences of an act," not simply "the
 act itself." Restatement (Second) of Torts
 8A, comment a, p. 15 (1964) (emphasis
 added).

Id. at 977.

 The Court held, "We hold that debts arising from
recklessly or negligently inflicted injuries do not fall within the
compass of 523(a)(6)."
 It is clear in the case before us that the failure of
Popa to obtain workmen's compensation insurance was an intentional
act that caused injury, as were the doctor's actions in Geiger, but
Popa's failure to obtain insurance was not done, as in Geiger, with
the actual intent to cause injury.
 We hold that Geiger clearly and unmistakably means that
plaintiff's expenses and damages arising out of the assault on him 
do not fall within the compass of U.S.C. 523(a)(6).
 The judgment of the Bankruptcy Appellate Panel is
affirmed. 
 No costs to either party.